JANINA M. HOSKINS, fka JANINA M. ELDER
CHAPTER 7 TRUSTEE
P.O. Box 158
Middletown, CA 95461

Telephone: (707) 569-9508
Email: Jmelder7@aol.com

UNITED STATES BANKRUPTCY COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: ) | Case No. 08-30989 |
| ) | |
| SAND HILL CAPITAL ) | Chapter 7 |
| PARTNERS III, LLC, ) | |
| ) | Date: November 30, 2017 |
| Debtor. ) | Time: 10:00 a.m. |
| | Courtroom: 19 |
| | 450 Golden Gate Avenue, San Francisco |
| | Judge: Hon. Hannah L. Blumenstiel |

(Corrected) **CHAPTER 7 TRUSTEE'S FIFTH INTERIM FEE APPLICATION**
**(September 1, 2013- October 15, 2017)**

TO: THE HONORABLE HANNAH L. BLUMENSTIEL, UNITED STATES

BANKRUPTCY JUDGE:

COMES NOW, Janina M. Hoskins, fka Janina M. Elder, Chapter 7 Trustee of the above-referenced estate ("Hoskins") and submits her Fifth Interim Report and states as follows:

1. The Debtor, Sand Hill Capital Partners III, LLC ("the Debtor") filed its Voluntary Petition for relief with this Court under Chapter 7 on June 5, 2008. Hoskins was appointed on June 5, 2008 and is the duly qualified and acting Chapter 7 Trustee.

2. Hoskins has faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704 and will continue to do so through the closure of this case.

3. All scheduled and known assets of the Estate are set forth on Form 1, which is attached to Hoskins' Interim Distribution, dated October 13, 2017, which is filed

TRUSTEE'S FIFTH INTERIM FEE APPLICATION

contemporaneously herewith.

4. Hoskins is contemporaneously seeking Court approval for a third distribution to creditors which, if approved, will result in a cumulative payment to unsecured creditors of over 20% on allowed claims.

5. As of October 13, 2017, the Estate has realized gross receipts of $3,861,721.90, and disbursed, subject to Court approval, $3,111,504.75, which leaves a balance on hand, as of October 13, 2017 of $750,217.15.

6. Attached to the Interim Report filed contemporaneously herewith is a cash receipts and disbursement record for each Estate bank account- Form 2, through October 13, 2017.

7. To date, the Estate has distributed $1,308,977.13 to creditors in this case and proposes to make an additional $650,000 distribution to administrative claims and creditors at this time.

9. Hoskins has been paid to date, as follows:
   a. First Interim Fee Application (1/26/2010) and payment of $12,777.37;
   b. Second Interim Fee Application (1/28/10- 6/30/11) and payment of $25,000.00;
   c. Third Interim Fee Application (7/1/11 - 8/31/12) and payment of $25,000.00; and
   d. Fourth Interim Fee Application (9/1/12-8/31/13) and payment of $25,000.00

10. Hoskins has not sought any fees in this case since 2013 and this Fifth Interim Fee Application seeks approval of allowed interim fees in the amount of $35,000[1] to be paid from the funds on hand. Hoskins is not seeking reimbursement of expenses at this time.

11. Hoskins has entered into no agreement with any person and no understanding exists for division of fees between Hoskins and any other attorney, and Hoskins has entered into no agreement with any party for the purpose of fixing the amount of compensation to be paid from the Estate. Hoskins has not received, nor has been promised, any other compensation from any

---

[1] By requesting interim payment of $35,000.00 at this time, Hoskins does not waive her right to seek the maximum compensation/commission allowed under 11 U.S.C. § 326.

TRUSTEE'S FIFTH INTERIM FEE APPLICATION

other source for services rendered, or to be rendered, in this case.

**PROJECT BILLING**
(September 1, 2013 to October 15, 2017)

Hoskins' time spent in the case (September 1, 2013 through October 15, 2017) falls into the following categories:

    A.    Asset Disposition:           Total time 4.75

This category includes the ongoing asset collection and disposition of the Showerman Judgment, resolution and fixing of the amount of the Estate's claim in the Chapter 11 NAMCO case and related issues involving collection on the Thornhill Judgment and monitoring payments due to the Estate on two claims in the related Chapter 11 Del Biaggio case.

    B.    Banking:           Total time 13.70

Banking includes entry of all deposits and posting of checks to creditors for the approved interim distributions. Hoskins also incurred and has charged time for payment of all allowed administrative expenses and some bank account reconciliation. The banking time entries cover four years of activity. Hoskins has not billed for every single monthly bank account reconciliation.

    C.    Case Administration:           Total time 14.25

Over the last four years, this time category includes time spent preparing prior Interim Reports and proposed distributions to creditors in 2013 and 2016 and the current proposed creditor distribution. Hoskins has spent time responding to creditor inquires regarding, requested additional distributions to creditors, ongoing case review, updating Forms 1 and 2, seeking *nunc pro tunc* approval, post *Cloobeck*, of prior paid administrative expenses, reviewing K-1s received by the Estate regarding liquidation of partnership interests held by the estate, and ongoing receipt of Franchise Tax Board notices regarding the Estate.

    D.    Claims Administration and Objections:           Total time 3.00

During the last four years, Hoskins has completed all claims objections and the claims are final in this case. The final claims objections regarding the Baron and Bronstein groups were

TRUSTEE'S FIFTH INTERIM FEE APPLICATION

resolved. Hoskins has continued to monitor and update the claims register in this case including address changes.

  E.  Fee/Employment Applications:      Total time 6.25

This category includes review and approval of counsel, special counsel and accountants retained by the Estate over the last four years. Hoskins also charged 2.0 hours for the preparation of Hoskins' Fourth Interim Fee Application.

  F.  Litigation:      Total time 10.35

This category includes time spent completing the collection on the Judgment obtained by the Estate against Gary Thornhill. There have been numerous collection issues involving the Thornhill Judgment, resolved by the Court. However, the end result has been payment in full on this judgment. The Estate has received over $790,000.00 in funds to resolve the Judgment in the stipulated amount of $700,00.00. Litigation in this case is complete and all Judgments have either been collected in full or determined that no further collection is warranted.

Total hours spent between September 1, 2013and October 15, 2017 is 52.30.

True and correct copies of Hoskins' Time Sheet Records for September 1, 2013 through, and including, October 15, 2017 are attached hereto as Exhibit A.

To date Hoskins has spent over 212 hours in this case spanning almost ten (10) years.

## STATUTORY CAP ANALYSIS

| | |
|---|---|
| Compensable disbursements: | $3,860,727.74 |
| 25% of the first $5,000.000 $3,855,727.74 | $1,250.00 |
| 10% of the next $45,000.00 $3,810,727.74 | $4,5000.00 |
| 5% of the next $950,000 $2,860,727.74 | $47,500.00 |
| 3% of the balance: | $85,821.83 |
| Total Compensation allowed per Cap: | $139.071.83 |
| Total Interim Compensation paid to date: | $87,777.37 |
| Fifth Interim Application- current: | $35,000.00 |
| Remaining compensation, not sought at this time: | $16,294.46 |

TRUSTEE'S FIFTH INTERIM FEE APPLICATION

**EXPENSES**

Hoskins is not seeking reimbursement of any expenses at this time.

Wherefore, Hoskins requests that this Fifth Interim Fee Application be approved in the amount of $35,000.00 which includes only fees at this time. Hoskins is not seeking reimbursement of any expenses at this time. Hoskins further requests that she be allowed and authorized to pay said fees, as approved, and for such other relief as the Court deems appropriate.

Respectfully submitted.

Dated: September 19, 2012                    /S/ Janina M. Hoskins, Trustee

TRUSTEE'S FIFTH INTERIM FEE APPLICATION